VIRGINIA TRUST CO. ET AL. *v* BUFORD ET AL.

[86 South. 356, No. 21198.]

1. WILLS.  *Ineffectual as instrument of title until probated.*
   A will is ineffectual as an instrument of title to land therein de-
   vised until probated in the jurisdiction within which the land
   lies, and until so probated the title when called in question must
   be determined as if the testator had died intestate.

2. TRUSTS.  *Right of successor to original trustee to exercise powers
   conferred on trustee by instrument creating trust.*
   If a power conferred by an instrument creating a trust is annexed
   to the office of trustee, it may be exercised by any successor to
   the original trustee; but, if conferred on the original trustee not
   *ratione officii* but because of confidence of the donor in him, it
   can be exercised by the original trustee only.

3. TRUSTS.  *When a power is prima facie based on personal confidence.*
   A power conferred by an instrument creating a trust on the
   trustee therein named, the exercise of which is not necessary for
   the execution of the trust, appears *prima facie* to be based on
   personal confidence in such trustee.

4. POWERS.  *Power coupled with an interest passes to trustee's suc-
   cessor unless donor reposed confidence in donee.*
   A power coupled with an interest passes to and can be exercised
   by a successor to the original donee unless it is of such character
   as to indicate that it was given because of the confidence of the
   donor in the donee.

APPEAL from chancery court of Tallahatchie county.
HON. G. E. WILLIAMS, Chancellor.

Suit by T. C. Buford and others against the Virginia
Trust Company and others.  Demurrer to the bill over-
ruled, and defendants appeal.  Affirmed and remanded,
with leave to appellants to answer within thirty days after
the filing of the mandate in the court below.

*Ward & Ward,* for appellants.

It seems to be a well-established rule of construction by
the courts of the country that powers that are considered

to be purely discretionary, or naked, or collateral can be exercised only by the designated donees in the will in person and acting jointly.  On the other hand it is just as well established a rule of construction that those powers which are coupled with an interest or annexed to the office of trustee will pass with the trust to the successors or survivors of the original trustees and can be exercised by them.

In this case the issue is clearly and distinctly raised by the pleadings as to whether or not the power to sell the real estate in controversy in the original trustees named in the will of John D. Ragland is personal to the trustees named in the trust instrument or whether it is a power coupled with an interest or annexed to the office and passes to the substituted trustee upon the death of the former.

If the power of sale given to the trustees named in the will of the testator, John D. Ragland, was a personal or discretionary one, the execution of which is dependent on their judgment or discretion, and which is granted by reason of personal confidence reposed in them by the testator, then the sale made by the Virginia Trust Company to Catoe is void, but where, even though the execution of the power granted may require an exercise of discretion in its execution, the intent of the testator as evidenced by the will is that the power might be exercised by a substituted trustee, it may be so executed and did not expire upon the death of the original trustees. 12 Ruling Case Law, section 20, page 789.

In determining as to which rule of law governs in this case the court should seek to determine the intention of the testator not only from the words of the will but from all the circumstances which tend to show his intention.  See 2 Perry on Trusts, section 505.

The power given the trustee under the terms of the will was not a mere naked or discretionary one, but was a power coupled with an interest which survived for the purpose of effecting the object of the power. *Wilson* v. *Snow,* 228 U. S. W. 271 (Law Ed. 807) ; *Peter* v. *Beverly,*

10 Peter, 532 (Law Ed. Vol. 9) 522; *Taylor* v. *Benhah,* 5 How. 233, 12 Law Ed. 130; Pom. Eq. Jur. (3 Ed.), section 1011; *Loring* v. *Marsh,* 73 U. S. 802; 21 Ruling Case Law, 787, sections 17, 18, 19 & 21; A. E. Ency. of Law (1 Ed.) 988. Every power given to trustees which enables them to deal with, manage, control, rent, lease out and distribute the proceeds of rents, is *prima facie* given then *ex officio* as an incident to the office and where a power of sale is given under these circumstances, that power survives the death of the original trustee or trustees and can be exercised by substitute trustees. *Godfrey* v. *Huchins,* 28 R. I. 517; *Luquire* v. *Lee,* 121 Ga. 624; *French* v. *Northern Trust Co.,* 197 Ill 30; *Cutter* v. *Burroughs,* 100 Me. 379; *Matter* v. *Wilkin,* 183 N. Y. 104; *Button* v. *Hwmmes,* 86 N. Y. S. 829; *Willis* v. *Alvey,* 69 S. W. 1035; *Osborn* v. *Gordon,* 86 Wis. 92.

When a power given by a testator is ministerial in its nature and one which is given to a trustee to carry out the trust properly, such as a power of sale for the purpose of changing investments, the courts incline to hold that it is attached to the office of trustee and is intended to continue as long as the trust, however extensive may have been the discretion given. *Kinnard* v. *Bernard,* 98 Md. 513; *Safe Deposit & Tr. Co.* v. *Sutro,* 75 Md. 361; *Doge* v. *Dodge,* 109 Md. 164; *Lahy* v. *Cortright,* 132 N. Y. 450; *Reeves* v. *Tappan,* 21 S. C.; *Dick* v. *Hard,* 48 S. C. 516; *Bradford* v. *Monks,* 132 Mass. 405; *Myers* v. *McCullough,* 71 N. Y. S. 520; *Boutelle* v. *City Savings Bank,* 17 R. I. 781; *Wilson* v. *Snow,* 228 U. S. 271; *Peter* v. *Beverly,* 10 Pet. 532 (Law Ed.).

In many states of the Union, statutes have been enacted which provide that an administrator with the will annexed shall have the same powers as are granted in the will to the executor. Among those states are Mississippi (see *Sandefer* v. *Grantham,* 62 Miss. 412; *Coehea* v. *Johnson,* 69 Miss. 46—So. 40), and Virginia (see *Brown* v. *Armstead,* 6 Rand, 594; Mosby v. Mosby, 9 Gratt. 584).

It is alleged in the amended bill by the appellees that the trustee, the Virginia Trust Company, had sold the lands in controversy and was about to invest the proceeds of same in bonds and would do so if not restrained by the courts from so doing in violation of the terms of the will.

Admitting that the investment of the proceeds of the sale of the lands in bonds would be in violation of the provisions of the will, we contend that the courts of this state have no jurisdiction of this matter. It is shown by the allegation of the bill and amended bills that the testator lived in the state of Virginia at the time of his death; that the will has not been probated in the state of Mississippi; that the trustee, the Virginia Trust Company resides at Richmond, in the state of Virginia and that he was appointed substitute trustee under the will at Petersburg, in said state.

A trustee appointed by a court of equity is particularly within its control and subject to its decrees, to the exclusion of other courts. A court of equity has no jurisdiction over a trustee who resides in another state where the trust was created, 39 Cyc. 315, section 4; *Penn* v. *Brewer,* 12 Gill & J. (Md.) 113; *Snyder* v. *Snyder,* 1 Md. Ch. 295; *Lines* v. *Lines,* 142 Pa. St. 149; *Lines* v. *Lines,* 24 Am. St. Rep. 487; 2 Perry on Trusts, page 1298, sec. 786 A.; 39 Cyc. 358. 28 A. & Eng. Ency. of Law (2 Ed.) 1102; *Dillard* v. *Dillard,* 97 Va. 434. If no direction is given in the will as to the mode of sale, the donee or trustee, may select his mode. *Buckingham* v. *Wassen,* 54 Miss. 533.

When a power of investment of proceeds of sale exists under the terms of a will, the acceptance of a mortgage on the property sold is a proper exercise of the trustee's discretion. *McLenegan* v. *Yeiser,* 115 Wis. 304; *Leggett* v. *Hunter,* 19 N. Y. 445; *Rogers* v. *Jones,* 13 Texas (Civ. App.) 435.

It is the contention of the appellees, as shown by the pleadings in the case, that the sale made by the appellant, The Virginia Trust Company to E. V. Catoe, was void, because the sale was made for the purpose of reinvestment

of the proceeds in bonds and not in lands as provided for in the will.

No duty rests upon the purchaser, E. V. Catoe, regarding the reinvestment of the proceeds of the sale, in the case presented by the pleadings here. *Whitfield* v. *Burke*, 86 Miss. 435; *Whitfield* v. *Burke*, 38 So. 550, and authorities cited in the opinion of the court.

We respectfully submit that the demurrer should have been sustained and the bill dismissed.

*R. H. & J. H. Thompson,* and *Fulton Thompson,* for appellant.

The second amended bill does not, as we can find, refer to the subject of the probation of the will in this state. The charges of the original and first amended bill and the failure of the second amended bill to charge that the will had been probated in this state warrant the conclusion that the bill under which complainants claim the land had not been probated in Mississippi, certainly that it was not probated in this state before beginning of this suit.

"Before a will can be admitted in evidence, in support of title to property therein bequeathed, it must be regularly probated in the jurisdiction where the property is situated." *Wells* v. *Wells*, 35 Miss. 636; *Fatheree* v. *Lawrence,* 30 Miss. 416.

"A will made and admitted to probate in a foreign state or in one of the states of this confederacy (Union) is not sufficient to pass the title to land situated in another state, unless the will be admitted to probate in the latter jurisdiction, according to its laws." *Crusoe* v. *Butler,* 36 Miss. 150, and authorities cited at end of first paragraph of the syllabus.

This has been the law of this state from the beginning of its government and we feel assured recent decisions of this court recognize the authority of those cited.

The doctrine of relation can never be invoked to give a plaintiff or complainant a cause of action which he did not have when he began suit. *Laurissini* v. *Doe,* 25 Miss.

177, in equity a complainant who shows an existing partial right at the time his suit is begun may, for instance, enforce a lien for parts of his debt maturing after suit begun, but this is not an exception to the rule denying relief to a complainant having no enforcible right at the beginning of his suit; it is rather an application of the doctrine that courts of equity, having jurisdiction of the parties to and of the subject-matter of a suit will do complete and perfect justice as of the date of its final decree. Even in the case of foreclosing liens at least some part of the debt must have been due at the beginning of the suit. In the case at bar complainants had no enforcible right, and no part of such a right, when their bill of complaint was filed.

The complainants, appellees, cannot escape the result of their showing that the will had not been probated in this state, their failure to show that it had been probated here before suit begun, by claiming that their vendors inherited an undivided one-third interest in the land from John D. Ragland, the testator, and this for two reasons:

1. They show that Ragland died testate and that he devised the land and all the balance of his property. See the residuary clause of the bill. 2. They do not show the facts upon which to predicate heirship. *Thames* v. *Duvie,* 89 Miss. 9.

Think of the uncertainty in land titles that would result should this court decide that titles pass under wills never probated in this state. Even in probate in other states a will cannot invest title to lands in this state until it shall have passed judicial scrutiny and have been found by courts of Mississippi to be entitled to probate under our laws. It seems to us that regard for the jurisprudence of the state will require the court to reverse the decree from which the appeal was prosecuted because the bill wholly fails to show an enforcible right in the complainants.

Of course complainants must recover on the strength of their own title and not on the weakness of their adversaries' claim. When the will is probated, as complainants tell us

123 Miss.—37

it will be, defendants' claim under it will be perfected. *Crusoe* v. *Butler, supra.* But the further probation of the will cannot cure a defect in a bill of complaint filed before its probation.

The will clearly invested the trustees named with an interest in the lands; it unquestionably gave them the legal title thereto, and this itself is an interest in the lands. A devise to an executor to sell lands passes title to him. 31 Cyc., 1091; *Cohea* v. *Jamison,* 68 Miss. 510.

Of course a devise to trustees to sell lands passes title to them. The power conferred on the trustees named in the will, therefore, was not a mere naked power. A power is simply collateral or naked where it is granted to a person who has no interest or estate in the subject-matter of the power." 22 Am. & Eng. Ency. of Law (2 Ed.), 1902. The will in this case invested the trustees with power of sale, withholding also that power from the beneficiaries. The power of sale was therefore coupled with an interest. It was not a collateral or naked power. "A power simply collateral, sometimes also called a 'naked' is a power given to a person not having any interest in the land, and to whom no estate is given to dispose of or charge the estate in favor of some third person." 31 Cyc., 1042.

The power granted by the will, therefore, was not a naked or collateral power, but was one coupled with an interest; nor was it one which could be exercised only by the trustees named jointly; it was not one which never came into existence because of the death of one of the trustees named before the death of the testator; it was a power which may be exercised by a substituted trustee, appointed by the court having jurisdiction of the will. The power of sale granted by the will was not one confided alone to the personal discretion of the trustees named in the testament, and this for two reasons: First, it was a power coupled with an interest as we have seen; and second, the trustees named, by the very terms of the will, could not exercise the power without the written sanction of the children of the testator living at the time the power of

sale was to be exercised. Personal discretion to exercise a power is not vested in a person who cannot act under it without the sanction of some other person.

The case at bar is clearly different from *Bartlett* v. *Sutherland,* 24 Miss. 395, and *Ex Parte White,* 118 Miss. 15. In this case the land was expressly devised to the trustee to whom the power of sale was given; the power of sale was therefore coupled with an interest. In *Bartlett* v. *Sutherland,* the land was not devised to the executors and in *Ex Parte White* the land was not devised to White and the wife of the testator nor to either of them; their power of sale was a naked one unconnected with an interest and this fact was controlling in both cases.

The legal title in the case at bar was vested in the trustee named in the will. If it be held that the power of sale can be exercised only by them, or the one who survived the testator, the legal title is still in them or him or their or his heirs, and is outstanding. One reason why a sale under a devise of land to trustees with power of sale, can be made by a successor in the trust is based on the fact that if a sale cannot be made by a successor the legal and equitable title to the land will be so effectually separated as to necessitate an independent litigation to unite them.

The authorities cited by our associates, Messrs. Ward & Ward, in their brief already on file are conclusive for the legal points for which we contend in this part of our argument and render it needless for us to cite others than the ones to which we have called the attention of the court.

We submit to the court that the decree appealed from can be affirmed only on a determination by this court of two propositions, first, that the will was an abortion so far as concerns the devise of lands to the trustees, with power to rent and sell them, because of the death of one of the trustees before the death of the testator, and second, that the Virginia court was without power to decide the controversy. We say that this court must decide the will to have been an abortion because, if appellee's contention be correct, the trustee who survived the testator could not

have acted alone, unless the Hastings court of Petersburg, Virginia, had power to enforce the trust by its appointee as substituted trustee, a question to be determined by it, the will certainly, so far as its trust features are concerned, became, upon appellee's contention, wholly ineffectual upon the resignation of the trustee who outlived the testator. Assuming appellee's contention on this point to be correct the power to rent the lands ceased when the power to sell them terminated. The two powers survived the death and resignation of the trustees named in the will or both of them were terminated at the same time. The lands were, expressly devised to the trustees and not to testator's children. Do not forget this fact. The children's right to the possession thereof, will not have a right to possession until the death of the last survivor of the testator's children. They are entitled only to rents and can be awarded in this suit only such rights as they have. Their rights to rents arise from the trust created by the will. In order to enforce their rights to rents it is essential that the trust shall be enforced, and this carries with it the right to have the Virginia court, having jurisdiction of the will, to enforce the trust, and this it can do most appropriately by the appointment of a substituted trustee, its officer and agent.

That the Virginia court has exercised this power is certainly shown by the bills of complaint, so clearly so as to require the complainants to negative the fact of its having done so before this court will consider the case in any other view. The bill distinctly charges that the trustees named in the will "have been succeeded by the defendant Virginia Trust Company, and besides shows its appointment by the Hastings court of that state.

If the trustee, the officer and agent of the Virginia court, has violated or is threatening to violate the duties of his office, that court alone should be applied to for corrective or preventive measures.

Viewed in its proper light, this suit is nothing more or less than an effort to have the courts of this state usurp the administration of a trust under the government and

control and within the jurisdiction of the Virginia court. The Virginia court when it appointed its trustee decided it had jurisdiction of the trust, the right to enforce it and that the trusts of the will were not such as terminated by the death or resignation, or both, of the trustees named in the will.

It is idle to consider the complainants' asserted right to partition of the land, they having neither the legal title nor the possession nor the right of possession of the lands, nor can they reasonably claim such right until the death of living persons.

Again, if the power to rent the land granted by the will be now enforcible, why is not the deed to Catoe from the Virginia Trust Company, joined in by two of testator's living children, effective to convey (a) a perfect fee simple title, certainly on appellees' own theory a life estate for the life of a living persons, to an undivided two-thirds interest in the lands, and (b) a lease of the remaining one-third from its date until the death of the last survivor of testator's children?

If the deed be so effective the rights of complainants, if they be assignees of the persons from whom they claim to have bought the lands, are to recover their shares of the rents and this suit is, to say the least of it, premature.

The appellees claim to have purchased the land itself from the heirs of one of the testator's children who died after the testator's death. The mother of the grantors who conveyed the lands to appellees and said grantors themselves were by the will itself denied the right and power to sell the lands and the deeds made by them to complainants are void. There is no pretense of an assignment to appellees by their grantors of the equitable right to demand rents or of any other equitable right. Appellees can have no greater right to the lands than their grantors had.

We earnstly urg that appllants' demurrers should have been sustained and that the chancery court erred in its decree overruling them.

We ask a reversal of the decree from which the appeal is prosecuted.

*Wilson & Armstrong,* for appellee.

Where a will is acted on by all parties, it may be used in evidence without probate. The parties are estopped to dispute it. *Rothschild* v. *Hatch,* 54 Miss. 558. We claim that this will need not have been probated in Mississippi to show an interest in complainants because:

First, although they had sought to recognize this will they owned an interest in this land, sought to be divested, even in the absence of a will; second, all parties recognizing this will, the sale being made under it, the parties were bound by it without probate; third, the power to sell being for reinvestment in other lands it could only be sold for cash or other lands not on credit. 2 Perry on Trusts, sec. 786, p. 1298, Subd. A.; fourth, of course, if a will says a trustee may sell for reinvestment in lands, he may not sell to reinvest in bonds. Especially is this true where the reinvestment must be approved in writing before the sale; fifth, where a purely discretionary power to sell or not to sell, for reinvestment (not to pay debts, legacies or other necessary thing) is given to a trustee, leaving the determination to sell or not to sell to his judgment, the personal discretion is not transmitted to a successor in office appointed by a court. The discretion dies with the person to whom it is given. *Chandler* v. *Chandler,* 71 So. 811; *Ex Parte White,* 118 Miss. 15; *Whitfield* v. *Thompson,* 85 Miss. 760; *Cohea* v. *Johnson,* 69 Miss. 46; *Bartlett* v. *Sutherland,* 24 Miss. 395; *Montgomery* v. *Milliken,* 5 S. & M. 151 & 188; 21 Ruling Case Law, p. 789; *Young* v. *Young* (N. C.), 97 N. C. 132; *Brown* v. *Armistead* (Va.), 6 Rand. 594; *Mosby* v. *Mosby* (Va.), 9 Grattan 584; *Dillard* v. *Dillard,* 97 Va. 434; sixth, where language shows that the personal judgment of the trustee in favor of the exercise of a power is a condition to the use of the power. It is a personal power to the named trustee, and does not survive. *Ex Parte White,* 118 Miss., p. 15. Where the language held personal was: "The sale of any real estate as to time, price and parcel, is left absolutely with my executors." 118 Miss. 23.

In the will before us, it is: "I also desire that the said trustees shall have the power to sell any part of said real estate and vest the proceeds of sales in other real estate to be held by them on the same terms provided they deem it advisable.

In *Chandler* v. *Chandler,* 71 So. 811, 111 Miss. 525, the language was: T. C. Chandler is invested with the legal title and is empowered to sell it as in his discretion he may see fit; seventh, nor does the fact that the title is vested directly in the trustee, by conveying it to him or them change the rule that such discretionary power dies with the trustee. *Chandler* v. *Chandler,* 71 So. 811, 111 Miss. 525.

*Hays, Stingley & Whitten,* for appellee.

The issue: the proper determination of this controversy involves a correct construction of the will of Mr. Ragland. In the order, we shall discuss the issues: First, are the conditions in the will, namely: "Said trustees shall have power to sell any part of said real estate and invest the proceeds of such sales in other real estate to be held by them on the same terms," and "provided my said children or such of them as may then be living, in writing, give their sanction to such sale and also to such investment of the proceeds of such sale, conditions precedent? Second, does the substitute trustee in this case succeed to the powers of the trustee named in the will? Third, is the estate of testator's grandchildren involved in any wise in the trust, or do they not take both the legal and equitable estates at the death of this parent, free of the trust and the power of the trustee?

(1) Are the conditions precedent or subsequent? To state the question properly is to answer it. The testator attached to the active trust he was creating, the trust to rent lands, a power of sale, a bare, naked power, to be exercised or not in the discretion of the trustees. Before that power could be exercised by any one, two things must

have happened: First, the trustees must have deemed a sale for reinvestment advisable; second, testator's children must have given their sanction, in writing, to both the sale and the new investment. The testator said: "Provided" these things have happened. More than that, the sale could be made only for one. purpose, for reinvestment in lands to be held in a certain way. *Sharpley* v. *Plant,* 79 Miss. 175. To the same effect: Perry on Trusts (6 Ed.), section 460; Secs. 783 et seq.; Pomeroy's Equity Jurisprudence (4 Ed.), sec. 1062; *Pressly* v. *Ellis,* 48 Miss. 574; *Vernon* v. *Tippah Co.,* 47 Miss. 181; *Learned* v. *Matthews,* 40 Miss. 210; *Jones* v. *Stamps,* 120 Miss. 60; Perry on Trusts (6 Ed.), sec. 785. The conditions attached by the donor to the execution of a power must be complied with strictly, however unreasonable they may seem." *Jones* v. *Stamps,* 120 Miss. 60.

As an example of the application of this principle a power of sale to convey in fee simple when the life tenant thinks best to remove from the premises cannot be exercised until the contingency arises; and a pretended exercise of such power for the purpose of excluding the remainderman under the will cannot be upheld. *Baird* v. *Boucher,* 60 Miss. 326.

Under a power of sale for reinvestment, "generally speaking the trustee ought not to convert the estate into money without having another investment in view. Perry on Trusts (6 Ed.), sec. 777.

Reinvestment of the proceeds of a sale of lands under a power is ordinarily, of course, not a condition precedent, but in the present, case, it is difficult to separate the acts from each other. The sale is not to be made unless a reinvestment can, in the opinion of the trustee, be advantageously made. He is not to sell upon mere general speculation but for the purpose of reinvestment. And it is difficult to perceive how a trustee could arrive at the conclusion that it was proper to sell, unless he had at the time, fixed upon some definite reinvestment, which compared with the former estate, would be advantageous to the parties. Al-

though, therefore, the acts of sale and purchase are to be distinct, they are connected with each other.  If the trustees should sell without having any settled intention to buy, leaving that to be governed by future events, he would certainly violate the confidence reposed in him.  *Wormly* v. *Wormly,* 5 U. S. Sup. Ct. Rep. (L. Ed.) 651.

Prior selection of the reinvestment was essential, for otherwise, the children of the testator could not approve it in writing.  The children of the testator must approve, not only the sale but the reinvestment, in writing, before there can be a valid sale under the power.

In such a case, the rule is different where the purchaser is not a *bona-fide* purchaser, not without notice.  Certainly a purchaser with notice must look to the terms of the will and see to it that the conditions are complied with.  *Whitfield* v. *Burke,* 86 Miss. 433; *Lincoln* v. *Candy,* 100 Miss. 755; *Cassel* v. *Roe,* 85 Am. Dec. 270, at 276; *Sutton* v. *Sutton,* 56 Am. Dec. 109; *Talbot's Executors* v. *Bell,* 45 Am. Dec. 126; *Bohn* v. *Kinet,* 39 Am. Dec. 53, Note.

The second question involved is:  Does a substitute trustee, succeeding, as this one does, two trustees appointed by name by the testator, from amongst his friends and kinsmen, without a right of survivorship, with a bare power to sell in their discretion and, not to sell in every event, succeed to the power of sale annexed to the trust?  The answer, found in a long line of harmonious Mississippi cases, beginning with *Montgomery* v. *Milliken,* 5 S. & M. 151 and ending with *Ex Parte White,* 118 Miss. 15; *Dillard* v. *Dillard,* 97 Va. 434.

Discretionary powers, given to one or more by name, are purely personal, and cannot be exercised by anyone else.   Perry on Trusts (6 Ed.), secs. 294 and 505; *Ex Parte White,* 118 Miss. 15; *Chandler* v. *Chandler,* 111 Miss. 525; *Whitfield* v. *Thompson,* 85 Miss. 749; *Murdock* v. *Murdock,* 97 Miss. 690; *Cohea* v. *Johnson,* 69 Miss. 46; *Clark* v. *Hornthall,* 47 Miss. 434; *Bartlett* v. *Southerland,* 24 Miss. 395; *Hill* v. *Josselyn,* 13 S. & M. 597; *Montgomery* v. *Milliken,* 5 S. & M. 749; *Ex Parte White,* 118 Miss. 15;

*Bartlett* v. *Southerland,* 24 Miss. 395; *Clark* v. *Hornthall,* 47 Miss. 434; *Montgomery* v. *Millikin,* 5 S. & M. 151, at 159, opinion of Chancellor—approved in main opinion at page 118; *Chandler* v. *Chandler,* 111 Miss. 525; *Murdock* v. *Murdock,* 97 Miss. 690, see second paragraph at 696.

As a general rule, co-trustees cannot act separately but there is this exception, that if an authority delegated to several persons be a private confidence all must join; but if for public purposes a majority may act. *Hill* v. *Josselyn,* 13 S. & M. 597.

Under the Mississippi rule, even the surviving trustee could not have acted; certainly his successor could not, it being so held expressly in some of the cases first cited. In those cases where a relation of purely personal trust is created in executors nominating the trust cannot be executed by the administrator with the will annexed." *Cohea* v. *Johnson,* 69 Miss. 46, at page 55.

Directionary powers, given to one or more by name, are purely personal, and cannot be exercised by anyone else. In addtion to our own decisions, most of them in cases parallel to this case, there is a great long line of cases from the United States supreme court, and other courts, all of which support the above statement of the law. Among them, cited only because we have examined them, are: *Peters* v. *Beverly,* 9 U. S. Sup. Ct. Rep. (L. Ed.), 522; *Ingle* v. *Jones,* 19 U. S. Sup. Ct. Rep. (L. Ed.) 621 at 624; *Crouse* v. *Peterson,* 80 Am. St. Rep. 89; North Carolinia, *Crampton* v. *Rutledge,* 47 So. 214; Alabama, *Christopher* v. *Munger,* 55 So. 274; *Weeks* v. *Hosch,* 134 Am. St. Rep. 213 at 217; Georgia, *Brown* v. *Hobson,* 12 Am. Dec. 187; Kentucky, *Bennett* v. *Champi,* 7 L. R. A. 377; Michigan, *Hodgins* v. *Toole,* 59 Am. St. Rep., 400; Iowa, *Schilckman* v. *Bank,* 29 L. R. A. (N. S.) 264; *Greenland* v. *Waddell,* 15 Am. St. Rep. 400; New York, *Bidgelow* v. *Candy,* 63 Am. St. Rep. 230; Illinois, *Gambell* v. *Trippe,* 32 Am. St. Rep. 388 at 390; Maryland, *Sites* v. *Elderedge,* 14 Am. St. Rep. 769 (N. J.). Many others could be cited.

The lands were not conveyed to be sold. . The testator said: I desire that said trustees shall have the power to sell any part of said real estate, the power was annexed to the trust. The trust for whom? For testator's four children. Automatically, when the trust ended, the power ended. 2 Perry on Trusts (6 Ed.), sec. 498.

Neither an estate nor a power will be enlarged except by necessary implication. *Coulter* v. *Robertson*, 24 Miss. 278 at 337; *Mitchel* v. *Mitchel*, 35 Miss. 102 at 337; *Bal* v. *Phelan*, 94 Miss. 293; *Carry* v. *Murphy*, 35, Miss. 475 at 487. Such intent must be collected from the words which he employed; the question is, not what he wished, but what he said. *Johnson* v. *De Lome Land Co.*, 77 Miss. 15, page 27.

The law favors vesting estates at the earliest time possible. *Brantley* v. *Buckley*, 99 Miss. 116; *Doe* v. *Considine*, 18 U. S. Supreme Ct. Rep. (L. Ed.) 869. There is precisely the same reason why the law should favor the vesting of estates in possession at the earliest time possible. The extent and duration of the trust are measured by the objects of its creation. *Doe* v. *Considine*, 6 U. S. Sup. Ct. Rep. (Wall Ed), 458 at 481, 18 U. S. Sup. Ct. Rep. (L. Ed.) 869; *Young* v. *Bradley*, 25 U. S. Sup. Ct. Rep. (L. Ed.) 1044; *Morgan* v. *Follansbee*, 98 N. E. 21, 253 Ill. 602; *Gindrat* v. *Western Railway*, 19 L. R. A. 839 at page 847 (Ala.); *Smith* v. *McWhorter*, 107 Am. St.Rep. 85 (Ga.).

If complainants were entitled to any of the relief they sought, the demurrer would have been bad. They either were or they were not entitled to some or all of the relief they sought. If so, it can be but immaterial to the defendants, now appellants, if so complainants so amended their bill as to make less burdensome the decree which might be rendered against them.

The allegations of the bill will support the prayer for the relief sought. The character of the bill is not changed, its allegations not being even modified. The amendment

was allowable. *Beard* v. *Green,* 51 Miss. 856; *Jeffries* v. *Jeffries,* 66 Miss. 216.

Even if the demurrer had been sustained, complainants had a right to amend. If, after that, defendants refused to plead over, a decree would have been rendered against them.

In Reply to Brief of Messrs. R. H. & J. H. Thompson.

After our brief, in reply to Messrs. Ward & Ward's brief for appellants, was written and in the hands of the printer, we have the brief of Messrs. R. H. & J. H. Thompson. To reply, therefore in this extended fashion, becomes our only alternative.

As we read this brief, the brief of Messrs. Thompson hereafter referred to as the second brief, the principal contention is: The second amended bill does not affirmatively show that the will of John D. Ragland was probated in the probate court of Tallahatchie county, Mississippi. Therefore, proof of the will cannot be introduced and since complainants, appellees here, must stand on the strength of their own title and not on the weakness of defendant's title, they have no standing in this court.

Before the first bill was filed, we were a bit apprehensive on this point. Afterwards, however, the thought occurred to us that the defendants, necessarily, would be the very last persons in the world to raise this point, and as we understand the pleadings, they have not raised it.

Appellants' conclusion, as arrived at in this second brief, lately filed, patently grows out of a misconception of what are the allegations of the second amended bill, particularly with reference to the allegations of complainants' ownership of the land through the state of descent and distribution.

The bill clearly alleges that John D. Ragland, when he died, owned the land in controversy. That there survived him, "only three of said four children, to-wit: Mrs. Lavinia Ragland McCaw, M. Flora Martin and Annie W. Martin. In the paragraph following, the bill alleges that said Mrs. McCaw died leaving children, vested at the death

of said parent with title to an undivided one-third interest in said lands. Then that: "Said Alice Moore McCaw, James R. McCaw Hawes and Annie McCaw Taylor were, at the death of said Mrs. McCaw, her only heirs at law, the husband of said Mrs. Lavina Ragland McCaw being then dead, under the statute of descent and distribution of the state of Mississippi, and the said R. C. Buford and M. P. Sturdivant would take the same interest in said lands as they claim under the will."

There is shown in the record, as a part of the bill, a deed from these children of Mrs. McCaw to T. C. Buford and one Archibald and a deed from this Archibald to M. P. Sturdivant. There are other allegations in the bill to the effect that through these conveyances, under the statute, complainants own an undivided one-third interest in the lands in controversy. These allegations although not made with the accurate nicety of expert pleading, are yet, as against a demurrer which does not point out the imperfection, more than sufficient. *Beddingfield* v. *Railroad Co.,* 110 Miss. 311.

The bill alleges, with sufficient particularity as against a general demurrer, that complainants own the lands through the statute and mesne conveyances. The demurrer confesses that complainants are such owners. Then, if appellants are now able to remove the will from this consideration, they remove any consideration of the will in their own behalf as well as in behalf of their opponents. The law is simply that no evidence may be introduced to establish the will unless the will is probated. If the bill does not sufficiently set up the will, as against a general demurrer, then the bill may not be "taken as evidence against the complainant and for defendant. The same rule of law stares defendant in the face, they cannot establish the will either unless it has been first probated. If we have pleaded the will so that it may be considered in their behalf, we have pleaded it so that it must be taken in our behalf. The rule of law invoked means only that the burden is on the complainant. If he does not meet that burden, he loses whether or not defendant has any title.

Here, if appellants' contention is sustained, both are without title in so far as any claim through the will is concerned.

But, in that event, they leave appellants the absolute owners of the lands, in fee simple, with an immediate right of possession, free from any trust, through inheritance by their grantors, the McCaw children. In such an event, the Virginia Trust Company was without any right of any sort to sell any of the lands of John D. Ragland, and the decree of the lower court must be affirmed.

We, however, do not admit that this contention of appellant is good. We think on the other hand that it is certainly not. In this second brief, it is admitted, that there is not assigned in the demurrer this imperfection or defect in the pleading as one of the grounds of the demurrer. They say, however, that the general assignment: "There is no equity on the face of the bill" is sufficient to raise the point. This contention is met in the supreme court for the first time. Granting that there is an imperfection in the pleadings, it is such that it must have been specially assigned, else the objection is waived. *Beddingfield* v. *Railroad Co.*, 110 Miss. 311.

There is stated, say in an imperfect way, a cause for suitable relief. The allegations could have been confessed, either in an affirmative way or by non-appearance, and, in either event, a decree final could have been entered on the *pro confesso*. Certainly an allegation confessed does not have to be proved. As we see it, this general assignment, too often abused, would raise the question, are complainants entitled to the relief sought under the will? But it does not raise the question as to whether there was a will. Nor does it raise the question, is the will properly pleaded? Nor can complainants under the pleading, prove the will. This being true, this imperfection or defect in the pleading must have been assigned, under our statute. If not assigned, it is waived, under another statute. They cannot be heard at this late day to complain, now when an amendment cannot be made. The defect most clearly

can be cured by amendment regardless of the doctrine of relation. The defect is not jurisdictional. It is simply a matter of what proof can be introduced. Moreover, there is no showing that the will has not been probated. It simply is not shown that it has. *Wells* v. *Wells,* 35 Miss. 368.

Notwithstanding complainants are in equally as good and unless we are right in all three of our contentions, in a better position if the will is removed from this consideration than if it is not, yet we insist that on the record before the court, the court ought to determine all three of those issues, so as to decide this controversy finally between these litigants. We, for this reason, insist that under any rule of chancery pleading this will is still before the court, and that the issues to be determined, with reference to their ultimate importance, are: 1. Was there any trust for the testator's grandchildren? 2. Did the successor succeed to the power of sale given to the trustees named, to be exercised or not in their discretion? 3. Did the trustee comply with the necessary conditions precedent?

In the next place, it is contended in this second brief, Macon Martin, one of the trustees named in the will, died before the testator's death. The testator knew this. He left his will just as it was, without naming a successor. It follows, they say, that the testator meant to create a trust, to which there was annexed, not a discretionary power of sale, but a devise to be sold in every event, so that, it also follows, they say, that the power survives.

We submit that the utmost that could be said, with any show of reason, is this: Possibly the testator did mean for the trustee of those named who survived to exercise that discretionary power is gone. The Virginia "Trust Company would not succeed to that power, for the death of Mr. Macon Martin, Trustee, doesn't change the law, uniform in all the text books and in all of the courts of the land.

We think, however, a proper conclusion is just to the opposite of the conclusion arrived at by appellants in this second brief. The fact is, the law of Virginia, of Alabama and of Mississippi is just precisely the same. Taking the law of Virginia, where testator did reside at the time of his death, as the law governing on this point, we have: "It is manifest that the trust created by the fifth clause of the will is discretionary and peculiarly one of confidence, being one conferred on trustees by name, without words of survivorship, and being one of personal confidence it could be exercised conjointly only, by them all, and not by a lesser number. The authority being joint is determined by the death of one of them." *Dillard* v. *Dillard,* 97 Va. 434; *Ex parte White,* 118 Miss. 15; *Crampton* v. *Rutledge,* 47 So. 214 (Ala.) ; *Doe* v. *Wynne,* 23 Miss. 251; *Ball* v. *Phelan,* 94 Miss. 293, 23 L. R. A. N. S., 895; *Jones* v. *Frank,* 85 So. Rep. 310 (Miss.).

About the time we had completed our reply to the second brief, we have a third. We found nothing new in it, except, as we think, a mistaken conclusion as to what certain authorities therein cited hold. We have already pointed out that the law of the state of Virginia is precisely the same as the law of the state of Mississippi, *Dillard* v. *Dillard, supra,* in the *Patterson case,* 39 Grattan 265 (Va.), relied on by counsel in this third belief. It is simply held that the donor might make whatever capricious conditions to attach to a power of sale he chose, and that, unless those conditions be complied with, the sale would be void. To apply that case to this case, unless the two children of the testator, no one living gave their consent in writing to, both the sale of the land and the reinvestment of the proceeds, a thing we complain of in another connection, the sale would be void. No more is held. The other Virginia cases, it will be found, are based upon a devise to be sold, a direction to sell or a necessity of a sale to pay debts, legacies, etc.

It would be absurd to say that because the testator did not even trust the two trustees to execute the power ab-

solutely and unconditionally, but require the sanction of some other, that the power wasn't discretionary. It then becomes simply a discretionary power, to be exercised or not, in this case, if it meets the approval of the trustees and the two children of testator now living, Mrs. Macon Martin and Mrs. Hamilton Martin.

Among our cases, similar in reasoning to the *Patterson case, supra*, is *Murdock* v. *Murdock*, 97 Miss. 690.

We submit the decree of the lower court ought to be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment overruling a demurrer to a bill of complaint. Two amended bills, neither in any way referring to the one preceding, were filed, and, while all three of the bills appear in the record, the allegations contained in the one last filed will alone be considered. *Williams* v. *Meridian L. T. & Ry Co.*, 110 Miss. 174, 69 So. 596; *Ventress* v. *Wallace*, 111 Misc. 357, 71 So. 636, L. R. A. 1917A, 971.

The allegations of this bill in substance are that John D. Ragland, a citizen of the state of Virginia, died leaving a will in words and figures as follows:

"I, John D. Ragland, of the city of Petersburg, in the state of Virginia, do make and ordain this as my last will and testament.

"First. I bequeath all the real estate of which I may die seized and possess, as well as what I now own as what I may hereafter acquire, to my friend, Richard G. Pegram, of the city of Petersburg and state of Virginia, and my son-in-law Macon Martin as trustees for my four children, a son and three daughters upon the following terms and conditions, to-wit:

"The said trustees shall rent or lease out my said real estate during the lifetime of my said four children and until the death of the last survivor of them, and account to them for the net rents and profits thereof, for their sole and separate use, free from the control of the present hus-

123 Miss.—38

band or any future husband of my married daughter and from that of any husband of my single or unmarried daughters in the event of their marriage hereafter, and free from all liability or responsibility for the debts or contracts of such husband or husbands, and in the case of the death of either of my said children without leaving issue, shall account for such rents and profits accruing after such death to the survivor or survivors and the issue of such as may have died leaving issue; but in case of the death of any one leaving issue, such issue to take the share of the deceased parent. I also desire that the said trustees shall have the power to sell any part of said real estate and invest the proceeds of sales in other real estate to be held by them on the same terms, provided they deem it advisible and provided my said children or such as may then be living, in writing give their sanction to such sale and also to such investment of the proceeds of such sale.

"Second. All of the rest and residue of my estate, after payment of my debts, I desire shall be equally divided amongst my children who may be living at the time of my death and the issue of any who may have died leaving issue, such issue to take the share of their deceased parent.

"Lastly, I appoint my friend, R. G. Pegram and my son-in-law, Macon Martin, executors of this my last will and testament.

"As witness my hand this 5th day of December, A. D. 1868.

John D. Ragland."

Ragland owned at the time of his death, among other property, land situated in this state, and left surviving him three children, two of whom are still living. One of these children died leaving three children, whose interest in Ragland's estate was purchased from them by the appellees herein. Ragland's will was probated in Alabama and in Virginia, but it does not appear from the last amended bill whether or not it has been probated in Mississippi. Martin died during Ragland's lifetime, but

Pegram survived him, qualified, and acted as trustee under the will until his death, whereupon the Virginia Trust Company was appointed as his successor by a Virginia court, the jurisdiction of which is not challenged. The Virginia Trust Company with the consent of Ragland's surviving children sold the land situated in this state and owned by Ragland at the time of his death, and the prayer of the bill is that this sale may be set aside as a cloud on the title or interest of the appellees. The original bill was filed while the sale was being negotiated and prayed that its consummation be enjoined. The second amended bill was filed after the sale had been made and the deed from the trust company to the purchaser had been executed. The parties complainant are the purchasers of the interest in Ragland's estate which vested in his deceased daughter, hereinbefore referred to, and the defendants are the trust company, the purchaser of the land, and the claimants under the will. A demurrer interposed by the appellants to this bill of complaint was overruled and an appeal granted to settle the principles of the case.

One of the contentions of the appellants is that it does not appear from the bill that the appellees have any interest in the land. The ground of this contention is that the claim of the appellees to an interest in the land is under the will and that it does not appear from the bill that it has been probated in Mississippi.

Unless this will has been probated in Mississippi, it is ineffectual as an instrument of title to the land here in question. *Fotheree* v. *Lawrence*, 30 Miss. 416; *Wells* v. *Wells*, 35 Miss. 638; *Crusoe* v. *Butler*, 36 Miss. 150, and until it has been so probated the land must be dealt with as if Ragland had died intestate. In either event the petitioners have an interest therein; that is, the interest that came to Ragland's deceased daughter, under whose heirs they claim, either under the will if probated, or, if not, under the statute of descent and distribution. If the will has not been probated, the appellants have no enforce-

able interest in the land whatever; but since the appellees admit that they have such an interest therein as may have been conferred by Ragland's will, and that if the power of sale therein given can be exercised by the Virginia Trust Company then the sale by it is valid, we will answer the next, and main, question in the case, which is: Can the power of sale be conferred on the original trustees in the will be exercised by their successors in office?

When a person has been appointed a trustee. by the order of a court of competent jurisdiction, he sustains the character of trustee as completely as if he had been invested with it by the instrument creating the trust, and as a general rule may exercise all the powers and authority conferred on the original trustee that are necessary for the discharge of his duties, for otherwise the trust would fail for want of power in the trustee to execute it.

"Where, however, a power given to the original trustee is of a kind that indicates a personal confidence, it will prima facie be confined to the individual to whom it is given, and will not without express words pass to others, to whom by legal transmission the character of trustee may happen to belong; and though the estate with the trust attached to it will be in the trustee appointed by the court, yet the power (being one of that description) will be extinct." 4 American Ed. Hill on Trustees, 331; *Ex parte White,* 118 Miss. 15, 78 So. 949, L. R. A. 1918E, 1065; *Cole* v. *Wade,* 16 Ves. Jr. 27, 33 Eng. Reprint, 894; 21 R. C. L. 789; 26 R. C. L. 1338; 1 *Perry* on Trusts (6 Ed.), 469; 2 Perry on Trusts (6 Ed.), 804; and cases cited in notes to *Whitaker* v. *McDowell,* 16 Ann. Cas. 326, and *Wilson* v. *Snow,* 50 L. R. A. (N. S.) 604.

In other words, whether a power given to the original trustee can be exercised by his successor depends on the intention of the donor as expressed in the instrument by which the power is given. If the power is annexed to the office of the trustee, then it is clear that the donor intended for it to be exercised by any person who for the time being should occupy that office, but if given to the original trus-

tee, not *ratione officii* but because of special confidence reposed in him by the donor, then it is equally clear, unless the instrument by which it was created provides otherwise, that the donor intended it to be exercised by the original trustee only.

The contention of counsel for the appellant is that the test by which to determine whether a power can be exercised by a successor to the original donee thereof is whether or not it is coupled with an interest, if it is then it can be so exercised; otherwise not. But this statement of the rule is only partial. A naked power can generally be exercised only by the donee thereof; but if coupled with an interest or with a trust can be exercised by any successor of the donee unless it is of such character as to indicate that it was given because of the confidence of the donor in the donee.

The question for decision, then, is: Was the power to sell the lands devised in trust for the testator's children given because of the confidence of the testator in the original trustees? This question must be answered in the affirmative, for it has been settled by former decision of this court that where the exercise of a power is not necessary for the execution of a trust, as is the case here, and rests in the discretion of the trustee, it must be deemed *prima facie* to be based on personal confidence in the trustee named in the instrument by which the trust was created. *Montgomery* v. *Milliken,* Smedes & M. Ch. 495; Id., 5 Smedes & M. 151, 43 Am. Dec. 507; *Bartlett* v. *Sutherland,* 24 Miss. 395; *Whitfield* v. *Thompson,* 85 Miss. 760, 38 So. 113; *Ex parte White,* 118 Miss. 15, 78 So. 949, L. R. A. 1918E, 1065.

Affirmed and remanded, with leave to the appellants to answer within thirty days after the filing of the mandate in the court below.

*Affirmed.*

## On Suggestion of Error.

In response to the appellant's suggestion of error we will say that our holding that until the will here in question has been duly probated the title to the land therein devised must be determined as though the testator had died intestate is in accord with *Pratt* v. *Hargreaves*, 76 Miss. 955, and assuming for the sake of argument that whether or not the power to sell conferred by the will upon the original trustees therein can be exercised by a substituted trustee must be determined by the law of the testator's domicile, to-wit, the State of Virginia, we understand the law of that state, in this connection, to be in accord with that of the State of Mississippi and as set forth in our former opinion. *Brown* v. *Armistead*, 6 Rand. (Va.), 594; *Mosby* v. *Mosby*, 9 Grat. (Va.), 584; *Davis* v. *Christian*, 15 Grat. (Va.), 11; *Dillard* v. *Dillard*, 97 Va. 434; *Hughes* v. *Williams*, 99 Va. 312.

*Overruled.*