747 So.2d 284 (1999)
Oddis DUNN and Lee Morris Dunn, Appellants,
v.
BL DEVELOPMENT CORPORATION, Appellee.
No. 98-CA-00069-COA.
Court of Appeals of Mississippi.
July 20, 1999.
Certiorari Denied December 2, 1999.
Azki Shah, Clarksdale, Attorney for Appellants.
Joseph Walker Sims, Jim Warren, III, Jackson, Attorneys for Appellee.
BEFORE McMILLIN, C.J., DIAZ, AND LEE, JJ.
DIAZ, J., for the Court:
¶ 1. Oddis Dunn and Lee Morris Dunn appeal the decision of the Tunica County Chancery Court which confirmed the sale of certain property located in Tunica County. Oddis and Lee Morris raise the following issue in this appeal: whether the trial court erred by ordering a partition by sale of a parcel of land when the land is susceptible to partition-in-kind and it is not in the best interest of all the parties. Finding no error, we affirm.

FACTS
¶ 2. This case is a partition suit between BL Development Corporation and Oddis and Lee Morris Dunn concerning a forty acre tract of land in Tunica County. The real property is on the dry side of the Mississippi River levy and is contiguous to other property owned by BL which does business in Tunica County under the name Grand Casinos. The price paid at the partition sale was $1,500,000 for the forty acre tract which is approximately $37,500 per acre. The court appointed appraisal expert, Robert Crook II, valued the land at $1,400,000. On May 8, 1997, BL filed a partition suit in the Tunica County Chancery Court. On May 21, 1997, an amended complaint for partition was filed. The named defendants were Oddis Dunn and Lee Morris Dunn, the appellants herein, and Theonia (Ted) Dunn, L.W. Dunn, and Raymond Dunn.
¶ 3. BL owned over 93% of the present possessory interests in the real property prior to the partition suit. BL owned an undivided interest in 2323/3360th in the land and owned a life estate in an undivided ¼th interest and a remainder interest in an undivided 10/56th interest prior to the partition suit. Oddis, Lee Morris, and Raymond each held a 1/56th undivided remainder interest. L.W. Dunn held an 11/480th undivided interest. Ted Dunn held a 1/28th interest. Oddis and Lee Morris held no present possessory interest. The measuring life for the life estate of BL was Helen Dunn, the mother of Oddis and Lee Morris.
¶ 4. Lucius Edwards represented to the court that he was the attorney for Oddis, Lee Morris, L.W., and Raymond and that *285 they were before the court personally and with counsel. At the hearing held on September 15, 1997, Edwards represented to the court that his clients agreed to a partition sale of the property.
¶ 5. On October 7, 1997, all of the parties in the partition suit entered an agreed order whereby they agreed to a sale of the entire forty acre tract to be held on November 3, 1997, and where Larry O. Lewis was to be appointed as special master to carry out the sale. On October 20, 1997, the court entered an order after a full hearing and testimony from a tax attorney who calculated the value of the life estate and remainder interests in a partition sale of the real property.
¶ 6. On November 3, 1997, pursuant to notice published in the Tunica Times and the Memphis Daily News, a sale of the real property was held on the courthouse steps in Tunica County. Prior to the sale, no objection was made by any party to the law suit. On November 7, 1997, the special master filed his report setting forth pertinent facts about the sale. On November 17, 1997, a confirmation hearing was held in Charleston. At this point, Oddis and Lee Morris appeared, testified for the first time concerning their objection to the sale, and requested a division-in-kind of the property. Oddis and Lee Morris informed the court that they had hired a new attorney to take Edwards's place, but they had failed to inform him to be at the confirmation hearing. The new attorney did not attend the hearing.
¶ 7. At the hearing, Rip Walker, a certified real estate appraiser, testified that the subject property was incapable of division in kind and that the only fair method was partition by sale. The special master also testified about the sale. The chancery court overruled the objections of Oddis and Lee Morris Dunn and confirmed the sale at the hearing. On November 25, 1997, the court entered its order confirming the sale and setting forth the proportionate payments due the former owners. No motion for the court to reconsider its judgment or to set aside the consent order of sale was filed by Oddis or Lee Morris. Nonetheless, feeling aggrieved, Oddis and Lee Morris filed this appeal.

DISCUSSION

WHETHER THE TRIAL COURT ERRED BY ORDERING A PARTITION BY SALE OF A PARCEL OF LAND WHEN THE LAND IS SUSCEPTIBLE TO PARTITION-IN-KIND AND IT IS NOT IN THE BEST INTEREST OF ALL THE PARTIES
¶ 8. The standard of review for this appeal of a partition sale and confirmation is whether the chancellor committed manifest error. Daughtrey v. Daughtrey, 474 So.2d 598, 602-04 (Miss.1985). In Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983), the Mississippi Supreme Court held that the "[f]indings of fact made by a chancellor may not be disturbed or set aside on appeal unless manifestly wrong."
¶ 9. In Guthrie v. Guthrie, 233 Miss. 550, 553, 102 So.2d 381, 383 (1958), the court held that consent orders are binding on the parties and are contractual in nature:
A consent judgment acquires the incidents of, and will be given the same force and effect as, judgments rendered after litigation. It is binding and conclusive, operating as res judicata and an estoppel to the same extent as judgments after contest. Also, being in the nature of a contract, a consent judgment should be construed as a written contract. So in the absence of fraud, mutual mistake or collusion, a judgment by consent is binding and conclusive upon the parties and those in privity with them, to the same extent as judgments rendered upon controverted facts and after consideration thereof upon a contested trial. A consent judgment or decree is res judicata to the same extent as if entered after contest.
(citations omitted).
¶ 10. Mississippi Code Annotated Section 11-21-11 (1972) states in part:

*286 If, upon hearing, the court be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made, it shall order a sale of the lands, or such part thereof as may be deemed proper, and a division of the proceeds among the cotenants according to their respective interests.
In the case of McConnell v. McConnell, 449 So.2d 785, 787 (Miss.1984), the court held that where evidence demonstrates that real property cannot be divided in-kind then the chancellor must order a partition sale.
¶ 11. In the case at bar, Oddis and Lee Morris assert that the chancellor was manifestly wrong in ordering the sale of the forty acre tract of real property in Tunica County and by confirming the sale. All of the parties agreed to a November 3, 1997 sale of the entire forty acre tract according to certain conditions determined by the special master. At the hearing on September 15, 1997, Edwards, the attorney for Oddis and Lee Morris, assured the chancellor that he represented Oddis and Lee Morris and several other interest holders and that they agreed to go forward with a partition sale of the property.
¶ 12. The consent order specifically states:
The subject property is not capable of partition in kind in a fair and equitable manner because of the number of fractional interests, the existence of life interests, the existence of remainder interests, the location of the real property, the shape of the real property, and other similar considerations. All parties represent to the Court that a partition in kind is not desirable as the same would result in manifest prejudice to the parties. All parties have represented to the Court and agree that the property should be disposed of by judicial sale.
(R. 194).
¶ 13. A review of the record indicates that an equal division of the property could not be made. On November 17, 1997, at the confirmation hearing, Rip Walker testified to the following on direct examination:
Q: Do you have an opinion as to whether this property is subject to beingat the state of the title as it was on that date when that Amended Complaint was filed, whether it was capable of being fairly partited in kind?
A: My opinion is that it could not be fairly partited because of the reasons that have already been stated; and that is, the size of this property is a consideration. But the fact that there are so many interests that to physically divide this where each interest would have an equal, or as equal as possible value, it's just notit's just not feasible, or capable of being done, because there are issues of dividing it so everyone would have the same type of frontage and accessibility. It's just notit's just not possible to make everyone have an equal value, or an equal value in their interest.
Q: And is that particularly true where you have remainder interests such as the interests of
A: Well, that
Q: Oddis, Lee Morris, and Raymond Dunn?
A: That complicates it even further, yes. To divide this property into maybe two parts could be simply done. If you get over thatmaybe even three, or four parts. But to talk about the number of interests that's involved here, it's justthere is no mathematical formula, or text book type way of looking at this that's been established. And I think that's the reason, is because there's too many interests.
After hearing further expert testimony, the chancellor specifically found that a partition of the property in kind was "not feasible, and would have been prejudicial to all parties." On appeal, Oddis and Lee Morris do not offer any proof that the *287 chancellor was manifestly wrong in determining that the partition in kind was not appropriate. Instead, Oddis and Lee Morris ignore the evidence and testimony presented to the chancellor that a partition sale was the only feasible and practical solution. Since sufficient evidence was presented to the chancellor that a partition by sale was the only fair solution, we will not disturb this finding of fact. Therefore, for these reasons we affirm the order and partition sale of the subject property.
¶ 14. THE JUDGMENT OF THE TUNICA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.