790 So.2d 226 (2001)
Gary ROBBERSON, Appellant
v.
Jewell Wheeler BURTON, Ricky Dewayne Fikes and Nancy Lena Wheeler Fikes, Appellees.
No. 1999-CA-01909-COA.
Court of Appeals of Mississippi.
July 17, 2001.
Jak McGee Smith, Tupelo, for Appellant.
C. Michael Malski, for Appellees.
*227 Before McMILLIN, C.J., PAYNE, and LEE, JJ.
PAYNE, J., for the Court:
¶ 1. Gary Robberson appeals the judgment of the Itabamba County Chancery Court in which the chancellor refused to order a sale of the property in a partition action. Particularly, Robberson challenges the chancellor's reliance on evidence found in an unprobated will in his resolution of the dispute between the parties. We reverse and remand.

RELEVANT FACTS
¶ 2. Claiming to own an undivided one-fourth interest in certain real property, Gary Robberson filed a "Petition for Sale of Land for Partition" against Jewell Wheeler Burton, Ricky Fikes and Nancy Wheeler Fikes in the Chancery Court of Itawamba County, Mississippi. Later, the chancellor granted Robberson leave to add Edsel Burton and Lena Shae Gray as party defendants to his petition for partition. The property which is the subject of this appeal consists of two tracts of land lying in Itawamba County. The first tract (Tract I) is made up of twenty-two acres and located on the property is the home of Jewell and Edsel Burton. Tract II consists of twenty-seven acres of farm land. Both tracts were purchased by Jewell Wheeler Burton and her now deceased first husband, Charles Wheeler, in the 1960's. Charles executed a will in 1982; he died in 1988. In the will he bequeathed to his wife, Jewell, his share of two acres of the subject property containing their home and surrounding area on which they resided. Also in the will, Charles left equal shares of his interest in the couples' remaining acreage to his wife and daughter, Nancy, giving Nancy Wheeler a one-fourth interest in the total of Tract I and Tract II, not including the two acres specifically designated to Jewell. That will was never probated.
¶ 3. In 1991, Jewell remarried. Subsequently, she deeded all of her interest in both tracts of land to Lena Shae Gray, Nancy's daughter and Jewell's granddaughter. She retained a life estate in the home and the two acres devised to her in the as-yet unprobabted will. Nancy subsequently conveyed her one-fourth interest in the entire property, including the house and the two acres, to Ricky Fikes, her husband at that time. Robberson, first cousin of Ricky Fikes, acquired a deed from Ricky Fikes giving him record title to one-fourth interest in all of the subject property.
¶ 4. No live testimony was heard by the chancellor at the trial in this matter. Rather, attorneys for the parties set their arguments before the chancellor and admitted the deposition testimony of Jewell Wheeler Burton and Nancy Wheeler, two warranty deeds and Charles Wheeler's last will and testament for the chancellor to consider in making his decision.
¶ 5. In the opinion and judgment of the chancellor, he confirmed title of the two acres of land and the home located on the subject property in Jewell Wheeler Burton and Edsel Burton with the remainder to Lena Shae Gray. In making this ruling, the chancellor relied on the last will and testament of Charles Wheeler to vest title to this part of the property in Jewell Wheeler Burton. The chancellor went on to state as follows:
An examination of the various other documents which have been introduced into evidence reveals that Gary Robberson owns an undivided one-fourth (¼) interest in the remaining acreage, i.e., the 49 ¾ acres less the home and two (2) acres upon which the home stands. The remaining undivided three-quarters (¾) interest is owned by Lena Shea Gray, *228 subject to a life estate owned by Jewel Wheeler Burton and Edsel Burton.
The chancellor declined to order the sale of the property and instead ordered that the property, not including the two acres on which the home sits or the home itself, be appraised. The chancellor ordered that once a value is assigned to the property Jewell Wheeler Burton was required to pay Robberson one-fourth of the appraised value of the property. Robberson was thereafter required by the order to convey by deed his one-fourth interest in the property to Jewell for life with the remainder interest to be vested in Lena Shae Gray.

RESOLUTION OF THE ISSUE ON APPEAL
¶ 6. Robberson asserts that the chancellor's decision is erroneous because he relied on the last will and testament of Charles Wheeler which, at the time of the hearing before the court, had not been presented for probate. He argues that because the will, in which Jewell was bequeathed Charles's interest in the two acres and the home, was not effective as it had not been probated, then the two acres and the home ought to be included in the partition action.
¶ 7. Apparently unsatisfied with the outcome of the case, the Appellees, Jewell, Ricky and Nancy, urge this Court to remand this matter to the chancellor for findings of fact and conclusions of law. In advancing their position, the Appellees assert that the record on appeal is void of any evidence that the will of Charles Wheeler had not been probated or that Robberson was a bona fide purchaser of the property in question and thus entitled to protection from the probate of Charles Wheeler's will. The Appellees conclude that because the chancellor failed to make specific findings of fact and conclusions of law to support his decision that the matter ought to be remanded for further proceedings as this Court may require.
¶ 8. Robberson relies on Virginia Trust Company v. Buford, 123 Miss. 572, 86 So. 356 (1920), for the principle that a will not submitted for probate in Mississippi is not effective "as an instrument of title." Id. at 357. In Virginia Trust, the Mississippi Supreme Court held that where a will was not presented for probate, property must be handled as though the testator had died intestate. Id. Appellees argue that there was no evidence that the will had not been probated. It was their burden to prove that it had if they intended to rely on it as a muniment of title. Regardless, the deposition testimony of Jewell Wheeler Burton indicated that it had not been probated.
¶ 9. In partition of property cases where we find manifest error, we will we reverse the findings of a chancellor. Dunn v. BL Dev. Corp., 747 So.2d 284, 285 (Miss.Ct.App.1999). As the law provides, an unprobated will is ineffective to transfer title and we find that the chancellor committed manifest error in relying on the unprobated will of Charles Wheeler to confirm title in the two acres and the home situated on the land in question to parties other than Gary Robberson. Accordingly, we reverse the chancellor's ruling on that point.
¶ 10. Consequently, the two tracts of property in question should have been handled as though Charles Wheeler died intestate. When one dies intestate having a surviving spouse and a child, his interest in real property is divided evenly among his child and spouse. Miss.Code Ann. § 91-1-7 (Rev.1994). Here, Charles Wheeler died having one child and a surviving spouse. Thus, his one-half interest in the real property in question is divided half to his daughter and half to his wife, *229 leaving Jewell with ownership of three-fourths of the property and Nancy with one-fourth interest in the property. Because Charles Wheeler's last will and testament was ineffective to convey his interest in the house and the two acres on which the home sat because it had not been probated, Jewell did not solely own the two acres and the house. Rather, record title to the property was in Jewell and Nancy in the same proportions as the remaining real estate.
¶ 11. We note that, because of Jewell's remarriage, her ability to assert her homestead rights to prevent partition were lost. Miss.Code Ann. § 91-1-23 (Rev.1999). Further, section 11-21-3 of the Mississippi Code of 1972, as amended, permits the partition of land encumbered with a life estate so long as all parties in interest are parties to the proceeding. Additionally, the supreme court has stated that "an incumbrance [encumbrance other than a homestead interest] will not defeat partition of realty." Daughtrey v. Daughtrey, 474 So.2d 598, 601 (Miss.1985) (citing Doran v. Beale, 106 Miss. 305, 63 So. 647 (1913)). As such, the property in question was subject to be partited.
¶ 12. In a partition action, there are only two remedies: partition in kind or sale of the property. See Miss.Code Ann. § 11-21-11 (Supp.2000). Section 11-21-11 provides in pertinent part:
If, upon hearing, the court be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made, it shall order a sale of the lands, or such part thereof as may be deemed proper, and a division of the proceeds among the cotenants according to their respective interests....
Robberson, as a cotenant with Jewell and Lena, was permitted to seek a sale of his interest if a partition in kind was not possible and where a sale would promote the interests of all parties.
¶ 13. In attempting to fashion an equitable remedy, the chancellor erred in confirming title to the property and ordering an appraisal with directions for Jewell to pay Robberson an amount representing one-fourth interest in the real property. Although it was a commendable attempt to resolve this dispute, the statute does not provide for such a remedy. Because the whole property was the proper subject of partition (not diminished by the home and two acres), the chancellor was therefore required to partite the property either in kind or by sale. We agree on the present state of the record title that Lena Shae Gray owns three-fourths of the two tracts of land, subject to a life estate in Jewell and Edsel Burton, and Robberson owns a one-fourth interest in the two tracts of property, just as the chancellor ruled in regard to the land minus the home and two acres. Therefore, we remand this matter to the chancery court for a determination of whether a partition in kind is appropriate or whether a sale and division of the proceeds according to the respective interests of the parties is required.
¶ 14. In order to avoid any potential confusion over the effect of our ruling, we observe that there is, in Mississippi, no statute of limitations on the probate of a will. Further, there is authority for the proposition that one taking title to land with knowledge that an unprobated will exists may not obtain good title as against the named beneficiaries in the will. See Belt v. Adams, 125 Miss. 387, 87 So. 666, 668 (1921) (holding that a purchaser buying with knowledge of a will cannot assert a claim that would defeat the will). Whether these, or other related legal and *230 equitable principles, may ultimately be brought to bear to resolve the title to the house and two acres is a matter that is not before the Court at this time. Those matters can only be litigated after the will of Charles Wheeler is successfully admitted to probate in the county where the land lies. Nothing we have decided in this opinion should be read as an attempt to foreshadow the outcome of future litigation affecting the title to this property flowing from the successful probate of the will, if such event should ever occur.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF ITAWAMBA COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS. COSTS OF THIS APPEAL ARE DIVIDED EVENLY BETWEEN THE PARTIES.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.