## BELT *et al v.* ADAMS.

[87 South. 666,]

1. JUDGMENT. *Filing bill to cancel title acquired under vendor's lien foreclosure held a direct and not a collateral attack.*

    Where a bill was filed to cancel a title acquired under a vendor's lien foreclosure suit in which it was alleged that such judgment was void for many reasons set forth in the bill, and where the former pleadings and proceedings were attached as exhibits to the bill, and where it was alleged that the complainants, who were minor defendants in the former suit, did not have notice in said former suit, such attack is a direct attack and not a collateral attack, although the complainant in the former suit was not made a defendant in the last suit; it being alleged that the complainant in the former suit was paid in full before the decree was rendered in the first suit.

2. PARTIES. *Nonjoinder of party defendant to be raised by plea, and not by demurrer; plea should suggest party to be joined and necessity therefor.*

    In such case the nonjoinder of a party should be raised by plea and not by demurrer. The general rule is that the nonjoinder of a party is to be raised by plea suggesting the party to be made a defendant and the necessity for the party omitted to be joined.

3. EXECUTORS AND ADMINISTRATORS. *Purchase by executor at sale of property of testator to pay debts invalid unless unreasonable delay in assertion of rights.*

    Where an executor is charged under the will of the testator with the duty of paying debts, and who, having funds to pay the debts, permits the property to be sold, and buys at such sale, neither the executor nor those buying with notice of such facts will be permitted to hold such property against those entitled thereto, unless after notice of such sale there is unreasonable delay in asserting such right to set aside the sale.

4. VENDOR AND PURCHASER. *Wills. Foreign will ineffective as conveyance until probated, when it relates back; purchaser with notice of will takes subject to probate.*

    A will made and probated in a foreign state has no effect as a conveyance as to property in this state until the same is probated.

But when it is probated here it will relate back to the death of the testator and be given effect unless the property or some of it has been acquired in good faith for value by a person without notice of the existence of the will. A person buying with notice of the will takes the property subject to the will being probated.

5. WILLS. *No statute of limitations as to probate of will.*

In this state there is no statute limiting the time in which a will may be probated. *Fatheree* v. *Lawrence,* 33 Miss. 585, cited.

On suggestion of error. Suggestion of error overruled. For former opinion, see 86 So. 584.

ETHRIDGE, J., delivered the opinion of the court.

This cause was considered and an opinion written reversing and remanding the cause in *Belt* v. *Adams,* 86 So. 584, in which opinion a full statement of the case is made, and as there is no complaint made in the suggestion of error as to the statement of the case in the former opinion, it is referred to for information as to the facts.

A suggestion of error was filed, challenging practically every proposition of law as announced in the former opinion.

The case comes here on bill and demurrer, and the opinion is to be considered and understood in connection with the allegations of the bill to which a demurrer was sustained, by which, of course, the allegations of the bill stand confessed.

The former opinion proceeded upon the theory that the bill constituted a direct attack upon the suit filed by Mrs. Jenkins referred to in the former opinion. It is insisted that this suit is a collateral attack because Mrs. Jenkins and her heirs were not made parties to the suit, and that this was necessary in a suit not making a direct attack upon the judgment.

The bill in the present case alleged that prior to the sale in the former suit Mrs. Jenkins was paid in full and her claim satisfied, which of course, if true, removed any in-

terest she may have growing out of the present litigation. The general rule, however, is that the nonjoinder or misjoinder of parties must be raised by plea, and if the defendants deem the joinder of Mrs. Jenkins, or her heirs, necessary, they may set forth in their pleadings a suggestion of their necessity and raise the question by plea.

The defense of the defendants in the present case is principally grounded upon the statutes of limitation and pleadings of estoppel, or questions involving estoppel, both of which are affirmative defenses which must usually be set up either by plea or answer, as must likewise the question of the *bona fides* of the defendant in acquiring the title.

It may not be true that the complainants were not served with process in the former suit, but the bill in the present case alleges that they were not and that they had no knowledge of such suit until very recently. The pleadings in the former suit on the part of the complainant therein set forth by allegation that Belt, to whom the complainant's intestate had sold the property there described, has died testate in the state of Georgia, and that Mrs. Belt was executrix in his will, and that the children were minors.

It is true that the bill did not set forth the will either in detail or in substance, but it did allege enough facts with reference to the will to show its existence and where information could be obtained. The will was probated in Mississippi only after the death of the executrix, who was also, under the terms of the will, the owner of the estate for life, charged by the terms of the will as executrix with the duty of paying the testator's debts. An investigation might have disclosed all the facts charged in the bill. If it would not have done so, that is a matter of defense and proof.

In the former opinion we pointed out many defects in this former suit. Indeed, it may be with propriety denominated "a tragedy of errors." These errors, to which attention was called, each of which we think is a warn-

ing to purchasers tracing their title to this proceeding to pause, reflect, beware. All of the defects pointed out in the former opinion were not such defects as would render the sale absolutely void, but they were such defects as ought to cause a reasonably prudent person to investigate before buying this property.

The bill filed was for a considerable sum of money and sought to establish a lien upon a large quantity of land. The fact that the sale made under the purported decree was for a mere trifle compared with the value of the land and compared with the amount of the debt is, we think, such a circumstance as might cause a prudent man to make some inquiry.

The further fact that the sale was made by a commissioner who was also attempted to be made guardian *ad litem* for the minors, and that the lands sold under such sale was bought by the executrix, who was charged by the terms of the will with the duty specifically of paying the debts, and who was given by the terms of the will a life estate in the property, seems to us to suggest bad faith and fraud.

It is true that it is not every sale at which an administrator or executor might buy to the prejudice of the heirs or wards, would render such sale void. But if the parties are minors and are in court, they would have the right at any time during their minority or within the given period thereafter to repudiate such sale and hold the purchaser a trustee, even though such purchaser paid full or fair value for it at the time of the sale.

The rule as applied to that state of case is well stated in the case of *Memphis Stone & Gravel Co.* v. *Archer*, 120 Miss. 453, 82 So. 315, where it is said:

"The rule of equity which prohibits purchases by parties placed in a situation of trust or confidence with reference to the subject of purchase is not confined to trustees or others who hold the legal title to the property to be sold; nor is it confined to a particular class of persons such as guardians, trustees or solicitors, but it is a rule

which applies universally to all who come within its principle; which principle is that no party can be permitted to purchase an interest in property and hold it for his own benefit, where he has a duty to perform in relation to such property which is inconsistent with the character of a purchaser on his own account and for his individual use."

In that case the purchaser was a grandfather and next friend of his seven year old grandchild in a partition suit and bought the land at a commissioner's sale at a price which was then its reasonable value, and it was held that the sale was not void but voidable at the minor's election within the time allowed to infants to exercise such right, and that neither the grandfather nor those claiming under him with notice will be heard to say that he did not know that a good title would not be obtained by such purchase.

If in the present case the proof should show that the minors were legally in court, and that the debt was not paid off, and that the land was sold after a fair opportunity on the part of the public to bid, then in such case they would have to act within the time prescribed by the law for them to bring an action to assert their rights. And if the purchaser bought in good faith, with no notice of facts to charge them with notice of the bad faith of others, a proceeding might be upheld. But when a minor has no knowledge of the transaction and a fraud is perpetrated upon such minor in such a proceeding, the statute of limitations would not run until he either learned of the fraud or could have learned of it by the exercise of reasonable diligence, and what is reasonable diligence is a question of fact in most cases depending upon the particular circumstances existing in the particular case. This is expressly provided in section 3109, Code of 1906, Hemingway's Code, section 2473.

It is said again that the will was not probated within the state of Mississippi, and that until it was probated it had no legal effect, and that proceedings occurring or tak-

ing place will be protected, notwithstanding such proceeding may thwart or annul the will or some of its provisions.

It is true that a will does not become effective as an instrument of conveyance in this state until it is probated in the state; but it was stated by Judge Woods, speaking for the court in *Pratt* v. *Hargreaves,* 76 Miss. 955, 25 So. 658, 71 Am. St. Rep. 551, that when a will was probated it related back to the death of the testator.

While it is true that a sale made under a judicial proceeding in ignorance of the will will protect a *bona-fide* purchaser, as held in the case of *Virginia Trust Co.* v. *Buford,* 86 So. 356, and 516, it is also true that a purchaser buying with knowledge of the will and of its provisions cannot assert a claim that would defeat the will. To so hold would be to place within the power of the heirs and other persons having knowledge of a will power to defeat a testator's purpose and intention by the simple expedient of concealing the will for a time, and then instituting a proceeding for the sale of the property, at which sale some person having knowledge of the will could buy the property and receive title. It is only a *bona-fide* purchaser for value who will be protected against a will by the courts in such cases.

There is no statute of limitation in this state on the subject of probation of wills as was held by this court in *Fatheree* v. *Lawrence,* 33 Miss. 585. In that case a period of about twenty-three years elapsed between the death of the testator and the probation of the will, yet the court gave effect to the will in that case.

In the case of *Reid* v. *Benge,* 112 Ky. 810, 66 S. W. 997, 57 L. R. A. 253, 99 Am. St. Rep. 334, 57 L. R. A. 253, the Kentucky court held that the negligence of placing a will so that its existence is not known for several years after the testator's death and the laches of the devisee in not producing it will not estop him from asserting his claim against one who has acquired title from the heir at any time before the right to probate or register

the will is barred, Kentucky having a statute fixing a limitation on probating wills at ten years, and the will having been probated within the period of ten years. In the course of its opinion in that case the court said:

"It may be said that a person may speak a falsehood or act a falsehood, but, if he does no act, and remains silent, he cannot be charged with fraud or be estopped without he knew the truth when his nonaction or being silent is said to have induced another to act to his own injury."

There is a note upon the subject of the effect of delay in probating wills in which numerous phases of the subject are discussed.

In the case of *Re Estate of William Walker,* 160 Cal. 547, 117 Pac. 510, 36 L. R. N. (N. S.) 89, the California court held that the distribution of an estate as intestate property will not prevent a probate of a subsequently discovered will as a basis for establishing the right of the legatees against those in whose possession the property has gone.

Of course, there may be elements of estoppel which would prevent the complainants recovering the property in this suit, but the allegations of the bill do not present such facts as would warrant the court on the face of the bill in denying relief to the complainants under this doctrine.

According to the allegations of the bill, the debt to Jenkins was paid off and a receipt taken from the solicitor of the complainant in that suit showing the debt to have been paid, and they alleged that they were without notice of the sale to their mother, the mother being entitled under the will to a life estate with right of possession during her life and with the right to convey such estate to others during the period of her life, and the will having directed her to pay the debts, and it being alleged that she had ample funds with which to do so, would make a case where the complainants might rely upon her good faith and the rightfulness of the possession in

her vendees until actual notice of the claim or knowledge of such facts that would cause a reasonably prudent person to learn of such facts.

Much has been said in this case and in other cases recently before us about destruction of titles. The court neither makes nor destroys titles, at least intentionally. The title always rests with some person. The court tries to discover who has the title, legal or equitable, and to protect the title in whatever person it may exist. It has never felt called upon to protect a particular class of persons at the expense of another class of persons. All litigants have equal rights, and the court will, to the best of its ability, administer the law irrespective of persons.

It may be that the proof when the case is developed will show the equities to be with the defendants, and we doubt not that the learned chancellor will apply the correct legal principles to such facts as may be disclosed by answer and proof.

The suggestion of error is overruled.

*Overruled.*