## NORMAN *v.* HAYS *et al.*

(Division A. March 25, 1929.).

[121 So. 135. No. 27627.]

*S. E. Turner* and *E. V. Hughston* for appellant.

*Forrest G. Cooper,* for appellees.

Argued orally by *Forrest G. Cooper,* for appellees.

Cook, J. Lee Frederick Norman, a minor, by his guardian and next friend, filed an original and amended bill of complaint in the chancery court of Sunflower county, alleging that on and prior to November 17, 1913, the said minor and one Charley Ball, an adult, were the owners of a certain particularly described forty acres

of land located in Sunflower county, each owning a one-half interest in said land; that on said date the said Charley Ball filed a bill of complaint against the said minor praying for a partition of said land, or a sale thereof for a division of the proceeds of the same; that in said proceedings S. F. Davis was duly and regularly appointed as guardian *ad litem* of said minor; that after his appointment as such guardian *ad litem* the said Davis filed a formal answer to the bill of complaint, and on May 22, 1914, the said chancery court, after having heard said cause, entered a decree ordering the sale of said land and appointing the said S. F. Davis, guardian *ad litem,* as commissioner to sell said land for a division of the proceeds; that under and by virtue of said appointment as commissioner, the said S. F. Davis sold the said land and afterwards filed his report of the sale, and on December 16, 1914, the said report of sale was duly confirmed by the chancery court; that at said sale the said Charley Ball, the complainant in said cause, became the purchaser of the land at and for the sum of seven hundred eighty dollars, and that by reason of the fact that his guardian *ad litem* was appointed as commissioner to make the sale, the said minor had no one to protect his interest at the sale and the proceedings for the confirmation thereof; that the said S. F. Davis by accepting the appointment as commissioner to make said sale accepted an interest that was adverse to said minor; and that after accepting such appointment as commissioner, the said Davis did not in any way endeavor to protect the interest of his said ward.

The bill of complaint further alleged that the said commissioner accepted the seven hundred eighty dollar bid at said sale and executed a deed to the purchaser, and out of the proceeds paid the costs of the suit and one-half of the remainder to Charley Ball, and also claimed to have paid the minor's share of the proceeds to the clerk of the chancery court to be held by him un-

til a guardian for said minor should be appointed; that on July 12, 1924, a guardian for said minor was duly appointed by the chancery court of the Second district of Bolivar county, but that said guardian had been unable, after diligent efforts, to collect any part of said sum; that neither the said minor nor any one for him had ever received any part of this purchase money; that the appointment of the said guardian *ad litem* as commissioner to make said sale was a fraud upon his rights, and deprived him of the full protection of the law; and that the purchase price paid for the land was totally inadequate.

The bill of complaint further charged, on information and belief, that J. H. Price, the solicitor who represented the complainant in said cause, and the said S. F. Davis, guardian *ad litem* and commissioner, had been owners of a half interest in said land, and had sold the same to the said Charley Ball; that the said Charley Ball was at the time of the institution of said suit and the sale of the land still indebted to the said Price and Davis for the purchase price; that the said suit was instituted in order to collect said indebtedness, and the said S. F. Davis was appointed commissioner in order that they might control the purchase money and collect their debt without any thought of protecting the interest of the minor; that the appointment of the said Davis, who had such an interest in said land, as guardian *ad litem* for said minor, constituted a fraud upon the rights of the said minor; that the court was not informed of the interest of the said Davis in said land at the time of said appointment; and that because of the fact that the said guardian *ad litem* had such an interest and was the commissioner who made the sale of said land, the decrees for the sale of the land and the confirmation thereof were void, so far as the interest of the said minor complainant was affected.

To this bill of complaint, the present owner and certain lienholders were made parties defendant. The bill prayed that the said original proceedings be reviewed; that the sale made by the said S. F. Davis, commissioner, who was at that time guardian *ad litem* of the said minor, and the decree confirming the sale, be vacated and set aside; that the liens on said land be canceled in so far as they affected the interest of said minor complainant; and that a resale of said land for a division of proceeds be ordered.

The evidence offered at the trial of this cause shows substantially the following facts: Some time prior to the institution of the partition proceeding, in 1914, a half interest in the land in controversy was owned by J. H. Price and S. F. Davis, then partners in the practice of law. The said Price and Davis dissolved this partnership, and afterwards sold their interest in the land to Charley Ball. At the time of the filing of the partition proceeding, Charley Ball had paid, in full, the purchase price, and neither Price nor Davis had any interest whatever in the land when the said Davis was appointed as guardian *ad litem* of the said minor in the partition proceedings. Davis filed an answer on behalf of the minor, and summoned a large number of witnesses, including relatives of the minor, who were familiar with the land and its value, and at the hearing of the cause, he introduced these witnesses and they were fully examined as to the value of the land. After a full hearing of the matter, the court ordered a sale of the land for not less than seven hundred eighty dollars, which amount was in accordance with the testimony as to the reasonable market value of the land. The sale was made in strict compliance with the provisions of the decree ordering the same, and the minor's share of the proceeds was paid to the clerk of the chancery court in accordance with the requirement of the

decree, and, from the evidence, the sale appears to have been in all respects fairly conducted.

There was much testimony offered upon the question of whether or not the land was sold for its fair market value. The complainant offered two witnesses who testified that, in 1914, the value of the land was largely in excess of seven hundred eighty dollars, for which it sold, while the defendants introduced a great number of witnesses who lived near the land in 1914, who were familiar with it and its market value; and the testimony of these witnesses amply supports a finding that the land was sold for its fair market value. In fact, under the testimony, the conclusion that the land sold for its fair and reasonable value is almost inescapable. There was no evidence tending to show any fraud or unfairness in making the sale and reporting the same to the court for confirmation, or in the disposition of the proceeds of the sale, or anything to indicate that the guardian *ad litem* did not faithfully, honestly, and fairly represent the interest of the minor in the proceedings.

Since there was no evidence of fraud, unfairness, or unfaithfulness on the part of the guardian *ad litem* of the minor defendant, and the proof shows that the sale was fairly conducted and the land sold for its fair market value, the only question left for decision is whether or not the fact that the same person acted as guardian *ad litem* of the minor and as commissioner of the court in making and reporting the sale will render the sale, and the decree confirming the same, void.

While this court has several times condemned the practice of appointing the same person to act as guardian *ad litem* of a minor defendant and as commissioner to sell lands in which the minor has an interest, we know of no case, and counsel have cited none, in which a sale has been vacated and set aside for that reason alone. In the case of *Cole* v. *Johnson*, 53 Miss. 94, the guardian

*ad litem* of a minor defendant was appointed as commissioner of the court to state an account between the minor and the other litigants, and in discussing an assignment of error based upon this fact, the court said: "It is said that the court erred in appointing the same person guardian *ad litem* of the minors, and commissioner to state the account against them. It would seem that they ought not to complain that their guardian took the account; and we know of no principle or precedent which would warrant a reversal on this account. Inasmuch, however, as in such cases it might become the duty of the guardian to except to that account, we think it bad practice to appoint the same person to both positions. We are aware that it is quite commonly done in practice, the clerk of the court, as in -this case, being usually assigned to both offices."

In the case of *Ponder* v. *Martin*, 119 Miss. 156, 80 So. 388, the court said that, in a suit for partition where some of the parties are minors, "it is inconsistent for the same person to be guardian *ad litem* for some of the parties to the suit and at the same time a commissioner to make and report a sale." But the court expressly placed the reversal of that cause upon the ground that certain adult and minor defendants had not had proper notice of the suit, saying: "The failure to publish the notice and to comply with the statute in reference to notice was jurisdictional, and without such compliance the court could not proceed to make a partition;" and "The decree of the court will therefore be reversed, and the cause remanded, to the end that the parties may all be brought into court by proper proceedings."

On the first appeal of the case of *Belt* v. *Adams*, 124 Miss. 194, 86 So. 584, that cause was before the court on a demurrer to a bill of complaint which sought to set aside the sale of certain lands on account of many alleged defects in a prior proceeding. Among other

things, the bill alleged the defendants in the prior proceeding had no notice of the suit, and that no order for publication had been made; and the court held that this was a charge of the lack of jurisdictional matter which was not cured by the recital of the decree, and was therefore sufficient to withstand a demurrer. The court there discussed numerous other defects in the title and prior proceeding, and said: "The proceeding was also defective because White appears to have been acting under appointment of the court in the capacity of guardian *ad litem,* and as such it became his duty to protect the interest of the minors throughout the proceeding, and might become his duty to attack a sale. We think he was incompetent to act as a commissioner in making the sale if in fact he had been appointed guardian *ad litem* for the minors. The two positions are antagonistic and inconsistent. See *Ponder* v. *Martin et al.,* 119 Miss. 156, 80 So. 388, *supra."*

In the opinion written in response to a suggestion of error, *Belt* v. *Adams,* 125 Miss. 387, 87 So. 666, Justice Etheridge, who wrote the original opinion, called attention to the fact that the sale made under the purported decree was for a mere trifle as compared with the value of the land and the amount of the debt, and that this was such a circumstance as should cause a prudent man to make some inquiry. He further said that:

"All of the defects pointed out in the former opinion were not such defects as would render the sale absolutely void, but they were such defects as ought to cause a reasonably prudent person to investigate before buying this property. . . .

"The further fact that the sale was made by a commissioner who was also attempted to be made guardian *ad litem* for the minors, and that the lands sold under such sale was bought by the executrix, who was charged by the terms of the will with the duty specifically of

paying the debts, and who was given by the terms of the will a life estate in the property, seems to us to suggest bad faith and fraud.''

Upon the second appeal of the case of *Belt* v. *Adams, supra,* which was from a decree on the merits in favor of the complainant, in an opinion that is reported in 136 Miss. 511, 100 So. 191, the court held that the proof was not sufficient to show that the recital that publication for the defendants in the former proceedings had been, in fact, made, was false, and that since the recital had not been proven to be false, it must be accepted as true, and therefore the court acquired jurisdiction, and the decrees rendered must remain in force unless they could be set aside on some other ground. In discussing the other alleged defects in the orders and decree in the former proceedings, among which was the fact that the same person acted as guardian *ad litem* of the minors and as commissioner to make the sale of the land, the court said: ''On the former appeal herein it was held that the other alleged defects in the orders and decrees in the case of *Jenkins* v. *Belt,* are not such as would render them void, but voidable only (125 Miss. at page 390, 87 So. 666).''

It will thus be noted that none of the cases herein referred to, and which are relied upon by the appellant, are authority for the view that in a proceeding for the sale of land in which a minor is interested, the mere fact that the same person acted as guardian *ad litem* for the minor and as commissioner to make the sale renders the sale void; but, we think, under these authorities, the proper view is that such a sale is voidable only, and, in the absence of any showing of fraud, unfaithfulness, or unfairness in the conduct of the guardian *ad litem* in the discharge of his duty to protect the interest of the minor, it will not be set aside or vacated. In the case at bar, the proof amply supports a finding that the land sold for its fair and reasonable market value, and

that the guardian *ad litem* was diligent in the discharge of his duties as such. There is no evidence of fraud or unfairness in the proceeding, and therefore the decree of the court below refusing to set aside or vacate the sale of the land will be affirmed.

*Affirmed.*