## ALEXANDER *v.* HANCOCK.

(Division B.   Jan. 4, 1937.)

[171 So. 544.   No. 32485.]

Cooper & Thomas, of Indianola, for appellant.

**B. B. Allen** and **Moody & Johnson,** all of Indianola, for appellee.

594

Argued orally by **Forrest G. Cooper,** for appellant, and by **B. B. Allen,** for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Nell Johnson Hancock and Josephine Rice, both legatees under the last will and testament of J. N. Johnson, deceased, and Nell Johnson Hancock, as administratrix de bonis non of said estate, filed objections to certain items in the account of Catherine Alexander, administratrix de bonis non of the estate of J. N. Johnson; the court having attempted to remove said Catherine Alexander. The court overruled the objections to her account, with the exception of two items, and held her liable therefor; said items being as follows:

1. Voucher 186, fifty dollars paid to the Huntsville Daily Register for an advertising scheme joined in by several Delta planters to secure T. V. A. service in the Delta.

2. Nine hundred dollars claimed to be due and owing by Catherine Alexander for money received from the Holly Ridge Gin Company as rebate paid to parties ginning cotton there. Under an arrangement, each gin company would give rebates to its patrons.

It appears that the fifty dollars paid to the Huntsville Daily Register was a contribution for running an advertisement therein setting forth that the Delta was a suitable territory to be electrified from the Tennessee Valley Association. No order of the court was obtained to make this advertisement. The theory appears to have been that the Delta would receive cheaper power from the T. V. A. We do not think there was any authority for Catherine Alexander to pay out money for such purpose. So far as we are advised, she had no specific authority to exercise any discretion in this regard by the will of J. N. Johnson. It was too remote in its connection to benefit the Delta plantations, and it does not appear, from the evidence, that it would have tended to reduce the expenses of operating plantations. Further-

more, it would have required the approval of the chancellor before it could be allowed.

The facts in regard to the nine hundred dollar item are that the Holly Ridge Gin Company was a corporation, and had issued two shares of stock to Catherine Alexander, which she transferred to her father, J. L. Alexander, who was her agent in managing the plantation belonging to the estate of J. N. Johnson. Her father gave a promissory note for these two shares, with the understanding that the note would be credited with rebates, or amounts allowed from the regular charges of the gin company. There seems to have been sharp competition in the Delta among ginners, and various schemes were adopted by the different gins. All of them had a uniform charge, subject to rebates from the maximum price. This plantation of the estate of J. N. Johnson paid the regular price for ginning cotton, but, by arrangement, J. L. Alexander, being a stockholder, received a rebate; the checks for same being payable to him.

We think, on the facts disclosed, neither Catherine Alexander, nor her father, J. L. Alexander, could personally take advantage of this rebate scheme, using the assets of the plantation as a basis and consideration for receiving such rebate.

The principles announced in the case of Meyer v. Meyer, 106 Miss. 638, 64 So. 420, in our opinion, control here. There the administrator deposited funds of the estate in a bank with the agreement that, in consideration for so doing, the bank would lend the administrator money without interest. The court held that he had to account to the estate for the interest saved by this arrangement. See, also, Belt v. Adams, 125 Miss. 387, 87 So. 666, and Walton v. Walton's Estate, 143 Miss. 666, 109 So. 707.

Administrators, trustees, and others of a fiduciary relation, cannot use trust estates so as to derive personal

profits therefrom, and whatever profit is made thereby must go to the estate which they manage or control.

We think, therefore, that the decree of the chancellor should be affirmed.

Affirmed.