MORGAN INVESTMENTS, INC. *v.* BAGLEY, et al.

No. 41368          February 8, 1960          117 So. 2d 792

*Wm. Harold Cox,* Jackson, for appellant.

*J. A. Travis, Jr.*, Jackson, for appellees.

McGEHEE, C. J.

This interlocutory appeal, granted by the Chancery Court of Hinds County, is from its action in sustaining a demurrer to a bill of complaint filed by the Morgan Investments, Inc., against the appellees Joseph Bagley, et al, doing business as Joseph's Beauty Unlimited, Inc., for an injunction and where the bill of complaint alleges that the appellant owns and operates a real estate development in the Fondren area in Jackson, Mississippi, known as Morgan Center, abutting the south line of Duling Avenue, and on which area it is alleged that there are situated various and sundry buildings and stores which are rented by the complainant to others on a percentage rental basis, that is to say, at a fixed rental plus a percentage of the proceeds of the gross sales made by the lessees of said buildings.

The bill of complaint alleges that the defendants, who are the appellees herein, "through various and sundry

newspaper advertisements, falsely represented to their customers that arrangements had been made with the complainant, (who is the appellant herein) for free parking on the parking strip of Morgan Center, and the defendants thus wrongfully invited their customers to avail themselves of free parking facilities on the parking strip area of the complainant's property while they were patronizing the defendant's beauty establishment.''

The demurrer of course admitted the truth of the foregoing quoted allegations of the bill of complaint.

It appears from the allegations of the bill of complaint that the appellant is the sole owner of the hard-surfaced parking area in front of the line of stores in what is known as Morgan Center in Jackson, and the tenants of the appellant in such stores have no right to the use of such parking area under their leases except for the use of the customers of such stores for parking purposes. In other words, the parking area is not involved in any lease from the appellant, but the same is furnished to the occupants of the store buildings for the use of their customers as aforesaid.

The demurrer raises the question of nonjoinder of the customers of the beauty shop as defendants in the case; and also the nonjoinder of the occupants and users of the stores abutting the parking area.

In Griffith's Miss. Chancery Practice, 2d ed., Section 106, it is said: ''It is next to be noted that the statement of the rule is that all persons who are materially interested, legally or equitably in the subject matter of the suit *ought* to be made parties. It is not said that they *must* be made parties.'' The same section further states: ''* * it is readily recognized by equity that in the manifold affairs of the day there must sometimes arise such situations as that a strict adherence to rule would be impracticable, or would sometimes even result in denying justice or in imposing injustice, whereas

the rules are designed solely to promote justice." And this section further states: "Another is that occasionally the parties are so numerous if all were required to be brought in it would be equivalent to denying the suit."

In Belt v. Adams, 125 Miss. 387, 87 So. 666, it is said, among other things: "The general rule, however, is that the nonjoinder or misjoinder of parties must be raised by plea, and if the defendants deem the joinder of Mrs. Jenkins, or her heirs necessary, they may set forth in their pleadings a suggestion of their necessity and raise the question by plea."

Again, in State Farm Mutual Auto Ins. Co. v. Mc-Kay, 209 Miss. 706, 48 So. 2d 349, it is said: "Furthermore, under our statute relating to misjoinder of parties defendant, this point should have been raised by plea or notice thereunder and not by demurrer. Section 1458, Code of 1942, and annotations thereon."

To the same effect is the case of Aven v. Singleton, 132 Miss. 256, 96 So. 165.

No cause of action is stated in the bill of complaint against the customers of the appellees. For aught that appears from the bill of complaint the customers of the appellees, instead of being wilful trespassers may have relied in good faith on the advertisement hereinbefore mentioned, and the identity of such customers may have been unknown to the appellant. Then, too, the appellant was not required to join as complainants in the bill of complaint the occupants or lessees of the store buildings referred to. The appellant was the sole owner of the parking area in question, and we gather from the allegations of the bill of complaint that it was the duty of the appellant to make reasonable effort to see to it that the parking area was kept available to the occupants or lessees of the store buildings for the use of their customers. Even if it may be said that others were proper parties as complainants and still others as de-

fendants, they should not be deemed to be necessary parties.

. The gravamen of the complaint is the advertisement by the appellees in the newspapers that they had an arrangement with the appellant for free parking facilities for the customers of the appellees in this parking area while they were being served at the beauty establishment and in inviting such customers to use the same.

The motion to dismiss this appeal was passed for consideration at such time as the case could be heard on its merits. We do not think that the interlocutory appeal was improvidently granted and we think that the motion to dismiss the appeal should be, and the same is, overruled.

We are of the opinion that the demurrer should have been overruled and that therefore the cause should be reversed and remanded.

Motion to dismiss overruled, cause reversed and remanded.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.